JOHN A. TRUMBO, ET UX *v.* JOHN D. MAGOWAN'S ADMR., ET AL.

**Wills—Life Estate with Remainder Interest.**

   A will providing "I bequeath to * * * my beloved wife * , * * during her life, to have and use the same to her own use, having no legitimate children," followed by a clause "after the death of my wife, the estate she leaves, to descend to my grandaughter," is held to create a life estate only, though the legatee provided for, died before the testator.

**Same—Devise Void.**

   The devise to the grandaughter, by her death, being void, the remainder interest passed by the will to the testator's brothers and sisters.

APPEAL FROM BATH CIRCUIT COURT.

October 12, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

The main question in this case is whether Mrs. Trumbo, who was the wife of John D. Magowan at the time of his death, is entitled under his will to more than a life estate in the property devised. And *second,* if he died intestate as to any part of his personal estate, whether his widow can take a distributable, share, one half thereof, the testator having died without issue, or can she take any part of the property undisposed of by the will.

The following is all of the will that it is necesasry to quote to present the questions.

"I will and bequeath to my dearly beloved wife Minerva McGowan the whole of my estate, whatever it may be at the time of my death, both real and personal, during her life, paying my just debts, to have and to use the same to her own use and benefit, having no legitimate children.

- "I will, after the death of my wife, the estate she leaves of mine, the same shall descend to my grand-daughter, Annie Cooper, her mother being illegitimate."

The grand-daughter had died before the will was published without issue, and the devise to her as is conceded by all is void.

The administrator with the will annexed brought this suit in equity for a construction of the will, and the direction of the chancellor in making distribution of the estate, making the widow, and the brothers and sisters of the intestate defendants.

The widow who has, since the institution of the suit, inter-married with John Trumbo, claims the whole estate absolutely under the will, and if she cannot ·get that, then she claims as widow one-half thereof, it all being personal estate, because as she says, if she only takes a life estate, then the testator made no testamentary disposition of the estate in remainder, and under *section 11, chapter 30, 1 R. S., 423,* of the Revised Statutes she is entitled to the one-half thereof. The heirs resist this claim of the widow, and assert that she is only entitled to a comfortable support out of the estate during her life, and at her death the estate will pass to them.

The court below adjudged that the appellant Mrs. Trumbo was only entitled to an estate for life under the will and that if the annual profits of the estate should not be sufficient for her comfortable maintenance, then so much of the principal as should be required therefor should be appropriated to her support, and retained the cause on the docket, to make all proper orders and judgments to effectuate that purpose, and further adjudged that the devise to the grand-daughter, who was then dead, was void, and consequently, the estate in remainder passed to the brother and sisters who were the heirs of testator.

And of that judgment Mrs. Trumbo and her husband complain.

As the grand-daughter died unmarried and childless and was dead before the publication of the will we concur with the circuit

judge that the devise to her was void, and that whatever of the estate the wife could not take passed to the heirs of the testator. And we also concur with him that she only took a life estate, subject to her comfortable support. In the first clause of the will the estate is expressly limited to the wife for life, and in the next he attempts to dispose of the remainder to his grand-daughter, of whose death he was at the time no doubt ignorant.

It only remains to consider whether the widow is entitled to the one-half of the remainder of the estate absolutely under *section 11, chapter 30, 1 R. S., 423.* .

Under the will she claims and takes a life estate in the whole. It clearly appears in this will that a life estate in his property was all the testator intended his wife should have; that he gave her in express terms—and having failed to renounce the provision made for her, she can claim no more of the estate than the testator gave to her.

Under *section 20, chapter 106, 2 R. S., 462,* it is provided that unless a contrary intention shall appear by the will, such real or personal estate, or interest therein as shall be comprised in any devise in such will shall fail, or be void, or otherwise incapable of taking effect, shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy. The testator did not die intestate as to the life estate which appellant takes, but to permit her to take one-half the estate as a distributable share would be allowing her to claim under and against the will, which cannot be done.

Judgment *affirmed.*

*Lacy, Apperson & R., for appellants.*

*Nesbitt & G., Reid, for appellees.*